Selendy & Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212 390 9000



October 25, 2021

<u>Via ECF</u>
Hon. Jesse M. Furman
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: **UMB Bank, N.A., as Trustee v. Bristol-Myers Squibb Co.**, No. 1:21-cv-04897 (S.D.N.Y.)

Dear Judge Furman:

We write on behalf of Plaintiff ("Trustee") under Individual Rule 3(G) respectfully to request oral argument on the pending motion to dismiss, which would benefit the Court for reasons not obvious from briefing. <u>First</u>, Defendant's reply brief misquotes key language in the CVR Agreement ("Agreement") by omitting words without any indication that words are omitted. Defendant purports to quote § 8.1(b) of the Agreement but omits the essential phrases reinserted in brackets and bold below:

> *First*, it cannot be squared with the plain language of section 8.1(b). An Event of Default requires a "material default *in the performance* ... **[or breach in any material respect]** of any covenant ... and *continuance of such default* **[or breach]** for a period of ninety (90) days *after*" the notice. CVR Agreement § 8.1(b) (emphasis added). Because the Company's deficient "performance" must "continu[e]" for ninety days after notice, a default of a covenant that has no continuing "force or effect" throughout the ninety-day cure period cannot give rise to an Event of Default. *See Kass v. Kass*, 91 N.Y.2d 554, 568 (1998) (rejecting interpretation which "ignore[d] ... words that also must be given meaning"). [ECF No. 28 ("Reply") at 5-6 (italics and ellipses in original)].

Defendant uses ellipsis to omit the first instance of "or breach"—and omits the second <u>without any ellipsis</u>. The excised words are fatal to Defendant's argument; they show that, even if Defendant has no affirmative obligation to exercise Diligent Efforts for 90 days after notice, an Event of Default occurs if during that period a **breach** continues unremedied, for example, through the payment of damages. *See* ECF No. 24 at 16. Oral argument would enable the Trustee to explain the significance of Defendant's omission.

<u>Second</u>, Defendant's reply misuses new authorities to make new flawed arguments. For example, Defendant's reply includes a new argument based on the *Commentaries on Model Debenture Indenture Provisions* (1971) ("Model Indenture"), which was not cited in Defendant's opening. *See* Reply at 1-4. Defendant asserts the Trustee lacks power to

bring this suit pursuant to an established understanding of standard language found in indentures "for generations." *Id*. at 1-2. Defendant omits that while § 8.9 of the Agreement (titled "Control by Holders") adopts much of the language from Model Indenture § 5-12 (titled "Control by Debentureholders"), there is an important difference. Unlike Model Indenture § 5-12, Agreement § 8.9(b) includes the following language (shown in bold here) that explicitly states that this Trustee has an affirmative <u>right</u> to bring the present action: "**Nothing in this CVR Agreement shall impair the right of the Trustee in its discretion** to take any action deemed proper by the Trustee and which is not inconsistent with such direction or directions by Holders." Ignoring this deviation from the standard language, Defendant makes a new argument that instead of articulating an affirmative "right," § 8.9(b) is merely a formulaic "exculpation clause" that can be used by the Trustee only defensively and is required "to be a term in every indenture" pursuant to the Trust Indenture Act, 15 U.S.C. § 77ooo(d)(3)—a statute Defendant has never cited before. *See* Reply at 2-4. In addition to other flaws, Defendant's interpretation of § 8.9(b) would render the exculpatory terms of Agreement § 4.1(c) entirely superfluous. Oral argument would give the Trustee an opportunity to address Defendant's new arguments based on misuses of new authority.[1]

Respectfully submitted,

*/s/ David Elsberg*

David Elsberg

cc:   All counsel of record (via ECF).

---

[1] *See, e.g.*, Reply at 4-6 (citing four new cases that in reality do <u>not</u> support the proposition that an event of default occurs only if Defendant continues to fail to use Diligent Efforts for 90 days after notice).