| ENTWISTLE & CAPPUCCI LLP | SELENDY & GAY PLLC | DLA PIPER LLP (US) |
|---|---|---|
| 230 PARK AVENUE, 3RD FLOOR<br>NEW YORK, NEW YORK 10169<br>TELEPHONE: (212) 894-7200<br>FACSIMILE: (212) 894-7272 | 1290 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10104<br>TELEPHONE:  (212) 390-9000<br>FACSIMILE:  (212) 390-9399 | 1251 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10020<br>TELEPHONE:  (212) 335-4500<br>FACSIMILE:  (212) 335-4501 |

November 2, 2021

**VIA ECF**

The Honorable Jesse M. Furman
United States District Judge
United States District Court for the
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

    Re:    *UMB Bank, N.A. v. Bristol-Myers Squibb Co.,* No. 21 Civ. 4897 (JMF)

            *SM Merger/Arbitrage, L.P., et al v. Bristol-Myers Squibb Co., et al,*
            No. 21 Civ. 8255 (JMF)

Dear Judge Furman:

    The undersigned counsel for the parties respectfully submit this joint letter in accordance with the Order entered on October 13, 2021 (21-cv-4897 ECF 27) (21-cv-8255 ECF 32) ("Order"), in which the Court directed the parties to confer concerning how the two referenced actions should proceed and whether the cases should be consolidated or coordinated.

    The parties have conferred and do not believe that consolidation is appropriate.  Among other things, the *SM Merger/Arbitrage* action is subject to the procedural requirements of the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  *See* 15 U.S.C. § 78u-4.  Under the PSLRA, motions to be appointed lead plaintiff and for approval of the lead plaintiff's selection of lead counsel are due to be filed on or before December 6, 2021.  *See* 15 U.S.C. § 78u-4(a)(3). If more than one competing application is filed, briefing will be required before lead plaintiff(s) can be appointed.  After the appointment of a lead plaintiff, it is likely that an amended complaint and a motion to dismiss the amended complaint will follow, consistent with common practice in such cases.  Even under a brisk briefing schedule, the motion to dismiss is likely to be fully briefed no sooner than May 2022.  In contrast, a fully briefed motion to dismiss is already pending in the *UMB Bank* action.  For these reasons, among others, the parties agree that consolidation of the action is not practical.

    The parties, however, disagree as to whether the actions should be coordinated.  Each position is set forth below:

Hon. Jesse M. Furman
November 2, 2021
Page 2 of 3

      Plaintiffs SM Merger/Arbitrage, L.P., SM Investors, L.P. and SM Investors II, L.P., submit that coordination of discovery is appropriate, including sharing of Rule 26(a) initial disclosures, document productions, requests for admission and interrogatories, and responses thereto, and joint depositions of witnesses who may testify in both actions. The benefits of such coordination with respect to the timely and efficient administration of justice are self-evident, even at this early stage.

      UMB Bank, N.A., solely in its capacity as trustee (the "Trustee"), submits that coordination of the two actions is, at this point, unwarranted. Although the Trustee is generally amenable to document sharing, the Trustee's position is that it is premature to determine whether coordination makes sense — and that any efficiencies from coordination are best determined after a lead plaintiff in the *SM Merger/Arbitrage* action is selected and any motions to dismiss are resolved. Until then, the scope of that action, and any benefit from coordination, is speculative.

      Defendant Bristol-Myers Squibb Company ("BMS") agrees that the question of coordination of the two actions is premature in the current procedural posture. The PSLRA imposes a stay of all discovery in the *SM Merger/Arbitrage* action until defendants' anticipated motions to dismiss the operative complaint have been resolved. 15 U.S.C. § 78u-4(b)(3)(B). BMS objects to any procedural approach that would subvert the PSLRA stay of discovery.[1]

      The parties do not believe that a conference regarding coordination is necessary at this time.

Respectfully submitted,

| | |
|---|---|
| */s/ Andrew J. Entwistle* (by consent) <br> Andrew J. Entwistle <br> **ENTWISTLE & CAPPUCCI LLP** <br> Frost Bank Tower <br> 401 Congress Avenue, Suite 1170 <br> Austin, TX 78701 <br> Telephone: (512) 710-5960 <br> aentwistle@entwistle-law.com <br><br> -and- <br><br> Vincent R. Cappucci <br> **ENTWISTLE & CAPPUCCI LLP** <br> 230 Park Avenue, 3rd Floor <br> New York, New York 10169 <br> Telephone: (212) 894-7200 <br> vcappucci@entwistle-law.com | */s/ John J. Clarke, Jr.* (by consent) <br> John J. Clarke, Jr <br> Jessica Ann Masella <br> Jessica Park Wright <br> **DLA Piper LLP (US)** <br> 1251 Avenue of the Americas <br> New York, NY 10020 <br> (212) 335-4500 <br> john.clarke@dlapiper.com <br> jessica.masella@dlapiper.com <br> jessica.wright@dlapiper.com <br><br> *Counsel for Defendant* <br>   *Bristol-Myers Squibb Company* |

---

[1] DLA Piper represents the individual defendants but has not yet appeared in the *SM Merger* action on their behalf pending resolution of service waiver requests. At the request of counsel for the *SM Merger* plaintiffs, DLA Piper accepted service of the Order for all defendants.

*Counsel for Plaintiffs SM Merger/Arbitrage, L.P., SM Investors, L.P. and SM Investors II, L.P.*
(21-cv-8255-JMF)


<u>/s/ David Elsberg</u>
David Elsberg
Maria Ginzburg
Joshua Margolin
Michael Duke
Vivek Tata
**Selendy & Gay PLLC**
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
delsberg@selendygay.com
mginzburg@selendygay.com
jmargolin@selendygay.com
mduke@selendygay.com
vtata@selendygay.com


*Counsel for Plaintiff UMB Bank, N.A., as Trustee*

The Court will not consolidate these actions at this time.  Moreover, the Court agrees that it would be premature at this stage to address whether discovery in the two proceedings should be coordinated.  Accordingly, the application of Plaintiffs in Case No. 21-cv-8255 is hereby DENIED without prejudice to raise the issue again once any motions to dismiss the operative complaint in both cases have been resolved.  SO ORDERED.

*[signature]*

November 3, 2021