| | |
|---|---|
| **SELENDY GAY ELSBERG PLLC** | **DLA PIPER LLP (US)** |
| 1290 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10104<br>TELEPHONE: (212) 390-9000<br>FACSIMILE: (212) 390-9399 | 1251 AVENUE OF THE AMERICAS,<br>NEW YORK, NY 10020<br>TELEPHONE: (212) 335-4500<br>FACSIMILE: (212) 335-4501 |

July 21, 2022

<u>VIA ECF</u>

The Honorable Jesse M. Furman
United States District Judge
United States District Court for the
 Southern District of New York
40 Centre Street
New York, New York 10007

      Re:    *UMB Bank, N.A. v. Bristol-Myers Squibb Co.,* No. 21-cv-4897-JMF

Dear Judge Furman:

      Counsel for the parties in the above-referenced action respectfully submit this initial joint letter regarding scheduling and case management issues in accordance with the Court's Orders [ECF Nos. 6, 33, & 36]. We also are enclosing with this letter a proposed Civil Case Management Plan and Scheduling Order using the Court's form.

      Some of the deadlines included in the parties' proposed Case Management Plan are longer than in a typical case given the unique complexities of this matter. The parties have conferred and have developed the schedule based on their assessment of the specific needs for this case. From the perspective of plaintiff UMB Bank, N.A. ("<u>UMB</u>"), in its capacity as trustee, these include the anticipated large size of the document production and that UMB believes that it will be required to take at least 20 depositions. The parties have agreed to meet and confer on a deposition plan at the appropriate time after document discovery is underway.

      The parties believe that a conference with the Court would be beneficial to address any questions the Court might have about the proposed schedule. In addition to the time originally scheduled by the Court for the initial pre-trial conference, counsel for the parties are available for a telephonic conference during the following periods in the week of July 25, 2022:

      Tuesday, July 26 from 10 a.m. to 12 p.m. and 2 p.m. to 4:30 p.m.
      Wednesday, July 27 from 1 p.m. to 3 p.m.
      Friday, July 29 from 9 a.m. to 1 p.m.

Hon. Jesse M. Furman
United States District Judge
July 21, 2022
Page 2 of 4

### 1. Nature of the Action and Principal Defenses

This is a breach-of-contract action filed against Bristol-Myers Squibb Company ("BMS") by UMB, solely in its capacity as trustee under the Contingent Value Rights Agreement dated as of November 20, 2019 between BMS and Equiniti Trust Company (the "CVR Agreement").[1] UMB asserts claims against BMS for breaches of the CVR Agreement. The CVR Agreement governed the terms of a series of contingent value rights ("CVRs") under which holders ("CVR Holders") would receive payment of $9 in cash for each CVR if the U.S. Food and Drug Administration ("FDA") approved the applications for three novel product candidates, including lisocabtagene maraleucel ("liso-cel"), on or before contractual milestone dates. If the milestone dates were met, the CVR Holders would be entitled to an aggregate payout of approximately $6.4 billion from BMS. In the CVR Agreement, BMS agreed that it would use "Diligent Efforts" (as defined therein) to obtain FDA approval by the milestone dates for the three applications. UMB alleges that BMS delayed FDA approval of liso-cel, breaching its obligation to use Diligent Efforts in order to evade its payment obligations to CVR Holders, resulting in $6.4 billion in damages. UMB further alleges that BMS breached the CVR Agreement by refusing to permit UMB to examine pertinent books and records in response to a request letter sent on December 29, 2020.

BMS denies that it breached the CVR Agreement in any respect and denies that any alleged failure to use diligent efforts was the reason for the FDA's inability to approve liso-cel by its contractual milestone date of December 31, 2020. The FDA's own approval memoranda make clear that travel restrictions for FDA staff due to the COVID-19 pandemic were the reason the FDA did not approve the liso-cel application earlier. Further, a December 29, 2020 letter to BMS from a lawyer for UMB, which included a request to inspect books and records, was sent only a day-and-a-half before the liso-cel milestone date at a time when UMB had not provided evidence that it had been validly appointed as trustee under the CVR Agreement. BMS was not provided adequate time to comply with the inspection request before the CVR Agreement automatically terminated at 12:01 a.m. on January 1, 2021. BMS has set forth a number of other, specific defenses in its answer.

### 2. Jurisdiction and Venue

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. UMB is a national association headquartered in Missouri. BMS is a Delaware corporation with its principal place of business in New York, New York. The amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper in this district, which is where BMS has its principal place of business. 28 U.S.C. § 1391(b)(2). In addition, Section 1.10 of the CVR Agreement provides for exclusive jurisdiction and venue in the state or federal courts sitting in the Borough of Manhattan, New York.

---

[1] UMB alleges that on December 18, 2020, it succeeded Equiniti as trustee under the CVR Agreement.

### 3. **Deadlines**

The deadline for BMS to serve its responses and objections to UMB's first set of requests for production is July 26, 2022. The deadline for BMS to serve its responses and objections to UMB's second set of requests for production is August 8, 2022. The deadline for UMB to respond to BMS's first set of requests for production is August 19, 2022.

Subject to the approval of the Court, the parties have agreed upon a number of proposed deadlines, including for service of initial disclosures, in the proposed Civil Case Management Plan and Scheduling Order enclosed with this joint letter.

### 4. **Outstanding Motions**

There are no outstanding motions.

### 5. **Discovery**

In an Order entered on August 6, 2021, the Court granted BMS's motion to stay discovery until after a ruling on its motion to dismiss [ECF No. 23]. The Court entered a memorandum opinion and order denying the motion to dismiss on June 24, 2022 [ECF No. 33]. UMB has served two sets of requests for the production of documents on BMS. BMS will serve objections and responses in the coming weeks and expects to begin a rolling production of documents as soon as it reasonably can do so. BMS has served its first set of requests for production on UMB.

The parties have had preliminary discussions on the scope of anticipated discovery and the presumptive limits on depositions and interrogatories under the Federal Rules of Civil Procedure. UMB anticipates that it will likely seek to take more than the presumptive limit of ten depositions provided for under Rule 30(a)(2)(A)(i). As the case is at the very beginning of discovery, UMB does not yet know how many depositions or interrogatories it will require but will meet and confer with BMS about the scope of discovery at the appropriate time.

Although willing to agree to some reasonable extension of the presumptive limit, BMS would object to UMB taking more than a total of 20 depositions. Based on information available at this time concerning the scope of the matters in dispute, BMS believes it will be able to work within the presumptive limit of ten depositions for depositions it would take (not counting cross-notices of depositions noticed by UMB). BMS believes the presumptive limit of 25 interrogatories per party that is provided for under Rule 33(a)(1) should apply.

If the parties cannot reach agreement on the appropriate number of depositions or interrogatories, then they will raise those issues with the Court when the need arises.

### 6. **Prior Settlement Discussions (if any)**

On July 26, 2021, the parties held an initial telephonic conference under Rule 26(f) of the Federal Rules of Civil Procedure. At the time, BMS had filed its motion to dismiss only three days earlier. In response to UMB's raising of the topic of possible settlement discussions – one of the

topics required to be discussed under Rule 26(f) – BMS responded that any such discussion would be premature in view of the pending dispositive motion. UMB agreed that the issue was premature. There have been no further discussions about the topic since that conference.

### 7.    Alternative Dispute Resolution

The parties do not believe it would be productive to engage in alternative dispute resolution at this early stage in discovery but remain open to considering the possibility of private mediation or similar alternative dispute resolution as discovery progresses. Both parties would object to mediation before a United States Magistrate Judge to whom any aspects of the case have been referred for other rulings.

### 8.    Other Information

The parties have agreed to a stipulation governing the exchange of electronically stored information and are currently negotiating a stipulation and proposed order governing the confidentiality of discovery exchanged in the litigation which would also include provisions invoking Rule 502(d) of the Federal Rules of Evidence. The parties intend to submit these stipulations to the Court in the near future.

The parties may seek extensions of the deadlines laid out in the Civil Case Management Plan and Scheduling Order for summary judgment and a Joint Pretrial Order as the case develops.

Respectfully submitted,

*/s/ David Elsberg*
David Elsberg
Maria Ginzburg
Joshua S. Margolin
**Selendy Gay Elsberg PLLC**
1290 Avenue of the Americas
New York, NY 10104
(212) 390-9000
delsberg@selendygay.com
jmargolin@selendygay.com
mginzburg@selendygay.com

*Counsel for Plaintiff UMB Bank, N.A., as Trustee*

*/s/ John J. Clarke, Jr.*
John J. Clarke, Jr
Jessica A. Masella
Steven M. Rosato
Jessica Park Wright
**DLA Piper LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
(212) 335-4500
john.clarke@dlapiper.com
jessica.masella@dlapiper.com
steven.rosato@dlapiper.com
jessica.wright@dlapiper.com

*Counsel for Defendants*