**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| UMB BANK, N.A., solely in its capacity as Trustee under the Contingent Value Rights Agreement by and between Bristol-Myers Squibb Company and Equiniti Trust Company, dated November 20, 2019,<br><br>     Plaintiff,<br><br>  v.<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br><br>     Defendant. | Case No. 21-cv-04897-JMF |

**PLAINTIFF'S [PROPOSED] SECOND SET OF INTERROGATORIES TO DEFENDANT**

   Pursuant to Fed. R. Civ. P. 33 and Local Civil Rule 33.3, Plaintiff UMB Bank, N.A., solely in its capacity as Trustee under the Contingent Value Rights Agreement by and between Bristol-Myers Squibb Company and Equiniti Trust Company, dated November 20, 2019, hereby requests that Defendant Bristol-Myers Squibb Company answer these Interrogatories within 30 days of being served in accordance with the definitions and instructions set forth below.

**DEFINITIONS**

   The following definitions apply to these Interrogatories:

   1.  All definitions and rules of construction included in the Federal Rules of Civil Procedure and the Local Rules for the Southern and Eastern Districts of New York are incorporated herein by reference.

2.      The use of the singular form of any word includes the plural and vice versa.

3.      The use of present tense includes past tense and vice versa.

4.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed to be outside of its scope.

5.      The terms "all" and "any" shall each be construed as encompassing any and all.

6.      "Breakthrough Therapy" means the FDA designation, as defined by 21 U.S.C § 356(a), for a drug or biologic intended to treat a serious or life-threatening disease or condition where preliminary clinical evidence indicates that the drug may demonstrate substantial improvement over existing therapies.

7.      "CVR Agreement" means the Contingent Value Rights Agreement by and between You and Equiniti Trust Company dated November 20, 2019.

8.      The use of "including" or any derivative thereof, shall mean including, but not limited to, the requested item(s).

9.      "FDA" means the Food and Drug Administration.

10.     "Ide-cel" means a CAR-T cell therapy targeting B-cell maturation antigen and includes, without limitation, the therapy approved pursuant to BLA 125736, also known as Idecabtagene Vicleucel, bb2121, and by its trade name Abecma.

11.     "Identify" means to provide a product's name.

2

12.     "Liso-cel" means a CAR-T cell therapy targeting CD-19, including, without limitation, the therapy approved pursuant to BLA 125714, also known as Lisocabtagene Maraleucel, JCAR017, and by its trade name Breyanzi.

13.     "Priority Review" means the FDA designation that sets a goal date for taking action on a new biologic or drug application within 6 months of receipt, as defined in the Manual of Policies and Procedures of the Food and Drug Administration.

14.     "Product" means any biologic or drug manufactured, developed or produced to treat medical illness or conditions.

15.     "Regenerative Medicine Advanced Therapy" means the FDA designation of a biologic or drug intended to treat, modify reverse or cure serious disease where preliminary clinical evidence has shown that the drug has the potential to address unmet medical needs for such a disease or condition, as defined by 21 U.S.C § 356(g).

16.     "You" or "Your" shall mean Defendant in the above-captioned case and Defendant's officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

## INSTRUCTIONS

1.     These Interrogatories seek information available to You following a reasonable inquiry into the information sought.

2.     These Interrogatories seek nonprivileged information. Fed. R. Civ. P. 26(b)(1).

3.     Answer each Interrogatory separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3).

4.     If You object to all or part of an Interrogatory, state that objection with specificity. Fed. R. Civ. P. 33(b)(4). Any ground not stated in a timely objection will be waived unless excused by the Court for good cause. *Id.* If You object to part of an Interrogatory, answer the rest.

5.     If You are unable to answer all or part of an Interrogatory, specify the part(s) You are unable to answer and answer the rest.

6.     If You do not know the answer to an Interrogatory, identify the Person or Persons who would be expected to know the answer to such Interrogatory.

7.     If the answer to an Interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's documents, and if the burden of deriving or ascertaining the answer will be substantially the same for either party, You may answer by (a) specifying the records that must be reviewed, in sufficient detail to enable the Trustee to locate and identify them as readily as You could; and (b) giving the Trustee a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries. Fed. R. Civ. P. 33(d).

8.     For all information You withhold as privileged, provide in writing at the time of Your response (a) for documents: (i) the type of document (e.g., letter or memorandum); (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author, addresses, and any other recipients of the document; (v) where not apparent, the relationships of the author, addressees, and recipients to each

other; and (vi) the nature of the privilege being claimed; and (b) for oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

9.      Answers must be signed by the person providing them; objections must be signed by an attorney. Fed. R. Civ. P. 33(b)(5).

10.     These Interrogatories are continuing in nature. If, after responding to any Interrogatory, You learn that Your response is in some material respect incomplete or incorrect, supplement or correct Your response in a timely manner. Fed. R. Civ. P. 26(e)(1)(A).

11.     These Interrogatories are served without prejudice to the Trustee's right to serve additional interrogatories.

12.     Unless otherwise indicated, these Interrogatories cover the time period from January 1, 2018 to the present.

## INTERROGATORIES

11.     Identify all Products submitted for FDA approval from January 1, 2010 to the present that You consider to be of "similar market potential at a similar stage in its development or product life," as that phrase is used in Article 1 Section 1.1 of the CVR Agreement, to Liso-cel.

12.     Identify all Products submitted for FDA approval from January 1, 2010 to the present that You consider to be of "similar market potential at a similar stage

in its development or product life," as that phrase is used in Article 1 Section 1.1 of the CVR Agreement, to Ide-cel.

13.     Identify all products submitted for FDA approval from January 1, 2010 to the present that, on any date between January 1, 2019 and January 1, 2021, You considered to be of "similar market potential at a similar stage in its development or product life," as that phrase is used in Article 1 Section 1.1 of the CVR Agreement, to Liso-cel.

14.     Identify all products submitted for FDA approval from January 1, 2010 to the present that, on any date between January 1, 2019 and January 1, 2021, You considered to be of "similar market potential at a similar stage in its development or product life," as that phrase is used in Article 1 Section 1.1 of the CVR Agreement, to Ide-cel.

15.     Identify all Products submitted by You for FDA approval from January 1, 2010 to the present that You projected to achieve peak annual sales of $1 billion or higher upon approval by the FDA.

16.     Identify all Products submitted by You for FDA approval from January 1, 2010 to the present with a list price greater than $300,000 per treatment course.

17.     Identify all Products developed, manufactured, controlled or produced by You from January 1, 2010 to the present that the FDA granted Priority Review status or designated as a Breakthrough Therapy or Regenerative Medicine Advanced Therapy.

Dated:  New York, NY                    SELENDY GAY ELSBERG PLLC
        February XX, 2023

                                By:    /s/            **[PROPOSAL**]

David L. Elsberg
Maria Ginzburg
Joshua S. Margolin
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY  10104
Tel: 212-390-9000
delsberg@selendygay.com
mginzburg@selendygay.com
jmargolin@selendygay.com

David Crichlow
Stephanie Hor-Chen
KATTEN MUCHIN ROSENMAN LLP
575 Madison Ave.
New York, NY 10022
Tel: 212-940-8800
david.crichlow@katten.com
stephanie.hor-chen@katten.com
craig.barbarosh@katten.com

Michael B. Weiss
CAHILL GORDON & REINDEL LLP
32 Old Slip
New York, NY 10005
Tel: 212-701-3000
mweiss@cahill.com

*Attorneys for Plaintiff UMB Bank, N.A., as Trustee*