| | |
|---|---|
| **SELENDY GAY ELSBERG PLLC** | **DLA PIPER LLP (US)** |
| 1290 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10104<br>TELEPHONE: (212) 390-9000<br>FACSIMILE: (212) 390-9399 | 1251 AVENUE OF THE AMERICAS,<br>NEW YORK, NY 10020<br>TELEPHONE: (212) 335-4500<br>FACSIMILE: (212) 335-4501 |

October 19, 2023

<u>**VIA ECF**</u>

The Honorable Jesse M. Furman
United States District Judge
United States District Court for the
Southern District of New York
40 Centre Street
New York, New York 10007

    Re:    *UMB Bank, N.A. v. Bristol-Myers Squibb Co.,* No. 21-cv-4897-JMF

Dear Judge Furman:

Counsel for the parties in the above-referenced action respectfully submit this joint letter providing a status update as to case management issues in accordance with the Civil Case Management Plan and Scheduling Order (ECF No. 39).

1. **<u>Deadlines</u>**

Pursuant to the Court's Order Granting Extension of Time to Complete Discovery (ECF No. 47), the deadline for the parties to complete fact discovery is February 26, 2024. The deadline for the parties to complete expert discovery is October 26, 2024.

2. **<u>Outstanding Motions</u>**

There are no outstanding motions.

3. **<u>Discovery</u>**

In an Order entered on August 6, 2021, the Court granted the motion of Bristol-Myers Squibb Company ("BMS") to stay discovery until after a ruling on its motion to dismiss. (ECF No. 23). The Court entered a memorandum opinion and order denying the motion to dismiss on June 24, 2022. (ECF No. 33). Since then, the parties have each served interrogatories and requests for production on the other. UMB substantially completed document productions by February 3, 2023. BMS reached substantial completion, including post-privilege review productions, by August 8, 2023, which brought its total production to more than 20 million pages.

Hon. Jesse M. Furman
United States District Judge
October 19, 2023
Page 2 of 3

The parties have also each served non-party subpoenas on multiple parties and document productions from non-parties are ongoing. An issue relating to non-party depositions is addressed below.

The parties agreed that UMB will be permitted to take 25 depositions.  At this time, BMS expects to stay within the presumptive limit of ten depositions per party provided under Rule 30(a)(2)(A)(i).  BMS has noticed the Rule 30(b)(6) deposition of UMB to be held on October 24, 2023.  UMB has provided a list of 25 witnesses whose depositions it intends to notice, most of whom are former BMS employees.  The parties have been working cooperatively to schedule those depositions and already have agreed upon dates for 10 of those depositions.  The parties will continue to negotiate depositions dates to ensure that fact discovery is completed by February 26, 2024.

BMS requests clarification from the Court with respect to the provision of the Civil Case Management Plan and Scheduling Order that provides "non-party depositions shall follow *initial* party depositions" unless the parties agree or the Court orders otherwise.  Scheduling Order entered July 26, 2022, § 9(d)(iii) (emphasis added).  Counsel for some non-party subpoena recipients have raised this provision in discussions with BMS about deposition scheduling.  BMS understands the provision to allow non-party depositions to be scheduled during the course of fact discovery, rather than after the conclusion of all party depositions, as long as the first depositions of party witnesses have been taken, but it requests clarification from the Court that this reading is correct.  UMB takes no position on BMS' request for clarification.

### 4. **Settlement Discussions**

There have been no settlement discussions.  As previously reported, the parties discussed the topic during the initial conference under Rule 26(f) of the Federal Rules of Civil Procedure on July 26, 2021.  There have been no further discussions about the topic.  BMS believes that mediation with a private mediator selected by the parties would be the most appropriate approach to such discussions at the proper time.

### 5. **Alternative Dispute Resolution**

The parties do not believe it would be productive to engage in alternative dispute resolution but remain open to the possibility of private mediation.  Both parties would object to mediation before a United States Magistrate Judge to whom any aspects of the case have been referred for other rulings.

### 6. **Trial**

UMB demanded a jury trial in its Complaint. (ECF No. 1). The parties anticipate that a trial, if needed, will require two to three weeks.

### 7. **Summary Judgment**

UMB anticipates filing a summary judgment motion after the close of all discovery. UMB would object to BMS filing more than one summary judgment motion or to filing any summary judgment motion before the close of discovery.

BMS anticipates filing motions for summary judgment based on UMB's lack of standing and on the merits. At the conference, BMS would like to discuss the timing for its summary judgment motion based on standing.

Respectfully submitted,

| | |
|---|---|
| /s/     David Elsberg | /s/     John J. Clarke Jr. |
| David Elsberg | John J. Clarke, Jr |
| Maria Ginzburg | Jessica A. Masella |
| Joshua S. Margolin | Steven M. Rosato |
| **Selendy Gay Elsberg PLLC** | Jessica Park Wright |
| 1290 Avenue of the Americas | **DLA Piper LLP (US)** |
| New York, NY 10104 | 1251 Avenue of the Americas |
| (212) 390-9000 | New York, NY 10020 |
| delsberg@selendygay.com | (212) 335-4500 |
| mginzburg@selendygay.com | john.clarke@dlapiper.com |
| jmargolin@selendygay.com | jessica.masella@dlapiper.com |
| | steven.rosato@dlapiper.com |
| | jessica.wright@dlapiper.com |
| *Counsel for Plaintiff UMB Bank, N.A., as Trustee* | |
| | *Counsel for Defendant Bristol-Myers Squibb Company* |