# EXHIBIT 5
**(Dec. 18, 2020 Letter and Instrument)**



VIA OVERNIGHT MAIL                                              DECEMBER 18, 2020

Bristol-Myers Squibb Company
430 E. 29th Street, 14th Floor
New York, New York  10016
Attn: Executive Vice President, General Counsel

Equiniti Trust Company
1110 Centre Pointe Curve, Suite 101
Mendota Heights, Minnesota  55120

Re:   Instrument of Removal, Appointment and Acceptance dated as of December 9, 2020
      (the "Instrument")


Ladies and Gentlemen:

Reference is hereby made to that certain Contingent Value Rights Agreement, dated as of November 20, 2019 (the "Agreement"), by and between Bristol-Myers Squibb Company (the "Company") and Equiniti Trust Company ("Equiniti").  Capitalized terms used but not defined in this letter have the meanings specified in the Agreement.

This letter is for the purpose of giving notice pursuant to Sections 4.10(c) and 4.10(e) of the Agreement. You are hereby notified that pursuant to the Instrument attached hereto as Exhibit A, the Holders of not less than 50% of the principal amount of CVRs Outstanding have removed Equiniti as trustee under the Agreement, and appointed UMB Bank, National Association, as successor trustee (the "Successor Trustee"). The Instrument reflects that UMB Bank, National Association has accepted its appointment as Successor Trustee.

In accordance with Section 4.11 of the Agreement, this removal and appointment takes effect upon delivery of the Instrument to you, without further action, act, deed or conveyance, and the Successor Trustee shall become vested with all the rights, powers, trusts and duties of the retiring Trustee. Note while no action is required in order to effectuate the succession of the Successor Trustee in accordance with the Agreement terms, the Successor Trustee would be pleased to consider a document executed with Equiniti and/or the Company, to reflect a consensual process, should that be the preference of either or both parties, as a matter of accommodation.

Please contact the undersigned as soon as possible to discuss this transition and other relevant matters.

Confidential                                                                                    UMB00010141
UMB00010141



The Successor Trustee may be contacted directly and the new Corporate Trust Office of the Trustee shall be as follows:

        UMB Bank, National Association
        Attn: Gavin Wilkinson, Senior Vice President
        120 South Sixth Street #1400
        Minneapolis, MN 55402
        Tel: ▮▮▮▮▮▮▮▮
        Email: ▮▮▮▮▮▮▮▮@umb.com

Thank you for your anticipated courtesies and attention to this matter. We look forward to a smooth transition.

Very truly yours,

UMB BANK, NATIONAL ASSOCIATION

By:_____
Name: Gavin Wilkinson
Title: Senior Vice President

CC:    Bristol-Myers Squibb Company
        Route 206 & Province Line Road
        Princeton, New Jersey 08540
        Attn: Senior Vice President and Deputy General Counsel, Transactional Practice Group

        Kirkland & Ellis LLP
        601 Lexington Avenue
        New York, New York 10022
        Attn:   David Fox, P.C.
                  Daniel Wolf, P.C.
                  Jonathan Davis, P.C.

Confidential        UMB00010142
UMB00010141

**EXHIBIT A**

Confidential
UMB00010141
UMB00010143

**INSTRUMENT OF REMOVAL, APPOINTMENT AND ACCEPTANCE**, dated as of December 9, 2020 (the "Effective Date"), by and among those Holders named below (the "Majority Holders") who in aggregate hold a majority of the Outstanding CVRs of Bristol-Myers Squibb Company, a Delaware corporation (the "Company") and **UMB Bank, National Association,** a national banking association organized under the laws of the United States (the "Successor Trustee ").

**RECITALS:**

**WHEREAS**, the Company and Equiniti Trust Company, a New York limited liability trust company (the "Retiring Trustee") are parties to the Contingent Value Rights Agreement, dated as of November 20, 2019 (the "Agreement"), in favor of each person who from time to time holds one or more Contingent Value Rights (the "CVRs") that the Company issued in accordance with the Agreement and Plan of Merger, dated as of January 2, 2019, by and among the Company, Burgundy Merger Sub, Inc., a Delaware corporation and wholly owned subsidiary of the Company, and Celgene Corporation, a Delaware corporation;

**WHEREAS**, the Company appointed the Retiring Trustee as Trustee under the Agreement;

**WHEREAS**, Section 4.10(c) of the Agreement provides that the Trustee may be removed at any time by an act of the Majority Holders[1] delivered to the Trustee and to the Company;

**WHEREAS**, Section 4.10(e) of the Agreement provides that if, within one (1) year after any removal, a successor Trustee shall be appointed by act of the Majority Holders delivered to the Company and the retiring Trustee, the successor Trustee so appointed shall, forthwith upon its acceptance of such appointment in accordance with Section 4.11 of the Agreement, become the successor Trustee;

**WHEREAS**, the Majority Holders intend to remove the Retiring Trustee and to appoint the Successor Trustee as Trustee under the Agreement; and

**WHEREAS**, the Successor Trustee is qualified and willing to accept such appointment as Trustee under the Agreement.

**NOW, THEREFORE**, the Majority Holders and the Successor Trustee, for and in consideration of the mutual covenants and promises herein, the receipt and sufficiency of which are hereby acknowledged, hereby consent and agree as follows:

**1.** As of the Effective Date: (a) the Retiring Trustee is removed as Trustee under the Agreement; (b) the Successor Trustee is appointed as Trustee under the Agreement; and (c) the Successor Trustee accepts its appointment as Trustee under the Agreement.

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Agreement.

Confidential

UMB00010141

UMB00010144

2. The Successor Trustee represents and warrants to the Majority Holders:

   a. It is qualified and eligible to serve as Trustee under the Agreement; and

   b. This Instrument has been duly authorized, executed and delivered on behalf of the Successor Trustee and constitutes its legal, valid, binding and enforceable obligation.

3. Each Majority Holder named below, separately and not jointly, represents and warrants to the other Majority Holders named below and to the Successor Trustee:

   a. This Instrument has been duly authorized, executed and delivered on behalf of such Holder and constitutes its legal, valid, binding and enforceable obligation;

   b. It holds and is authorized to act as the Holder of the number of CVRs indicated below its signature below;

4. The Successor Trustee hereby accepts appointment as Trustee under the Agreement and accepts all properties, moneys, rights, powers, trusts, duties and obligations under the Agreement.

5. Nothing contained herein or otherwise shall constitute an assumption by the Successor Trustee of any liability of the Retiring Trustee arising out of any breach by the Retiring Trustee in the performance or non-performance of the Retiring Trustee's duties as Trustee under the Agreement. Notwithstanding the removal of the Retiring Trustee, the rights of the Retiring Trustee to compensation, reimbursement and indemnification as provided under the Agreement shall survive the resignation of the Retiring Trustee and the appointment of the Successor Trustee.

6. All notices relating to this Instrument will be deemed received when sent pursuant to the following instructions:

   TO THE SUCCESSOR TRUSTEE:

   UMB Bank, National Association
   120 South 6th Street, Suite 1400
   Minneapolis, MN  55402
   Attention: Gavin Wilkinson
   Ph# ▒▒▒▒▒▒▒▒
   Email: ▒▒▒▒▒▒▒▒@umb.com

With a copy to:

   Craig A. Barbarosh, Esq.
   Katten Muchin Rosenman LLP
   100 Spectrum Center Drive, Suite 1050
   Irvine, CA 92618

Ph# ▮▮▮▮▮▮▮▮▮▮
Email: ▮▮▮▮▮▮▮▮▮▮@kattenlaw.com

    **7.**    This Instrument and the removal, appointment and acceptance effected hereby shall be effective as of the Effective Date.

    **8.**    This Instrument shall be governed by and construed in accordance with the laws of the State of New York.

    **9.**    This Instrument may be executed in any number of counterparts each of which shall be original, but such counterparts shall together constitute but one and the same instrument.

**[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

IN WITNESS WHEREOF, the parties hereto have caused this Instrument of Removal, Appointment and Acceptance to be duly executed and acknowledged all as of the day and year first above written.

**UMB Bank, National Association,**
as Successor Trustee

By: _____
Name: Gavin Wilkinson
Title: Senior Vice President

[ADDITIONAL SIGNATURE PAGES OMITTED]

[ADDITIONAL SIGNATURE PAGES OMITTED]