

**DLA Piper LLP (US)**
1251 Avenue of the Americas
New York, New York 10020-1104
**T** 212.335.4500
**F** 212.335.4501
**W** www.dlapiper.com

JOHN J. CLARKE, JR.
john.clarke@us.dlapiper.com
**T** 212.335.4920

February 2, 2024

*By ECF*

Hon. Jesse M. Furman
United States District Court for the
 Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    UMB Bank, N.A. v. Bristol-Myers Squibb Company, No. 21 Civ. 4897 (JMF)

Dear Judge Furman:

      We represent defendant Bristol-Myers Squibb Company ("BMS") in this action.  In accordance with the Court's Individual Rules and Practices in Civil Cases, I am writing to request leave of the Court to file under seal, or with certain redactions, some of the documents being submitted today in support of BMS's motion to dismiss this action for lack of subject matter jurisdiction.

      The materials at issue were produced or designated confidential by plaintiff UMB Bank N.A. ("UMB"), non-party Pentwater Capital Management LP ("Pentwater"), and non-party Okapi Partners LLC ("Okapi").  We did not have sufficient time to complete our pre-filing conferences with these producing or designating parties, and we were requested to proceed with filing these materials under seal subject to their submission of letters to the Court within three business days.  We are hopeful that the parties will be able to resolve most of the remaining confidentiality issues within that period.

      In support of the BMS motion to dismiss, we have attached several exhibits to the declaration of John J. Clarke, Jr. dated February 2, 2024 ("Clarke Declaration") that were designated by one of the foregoing producing parties with some level of confidentiality protection under the Stipulation and Order Governing Confidentiality of Discovery Materials and Preservation of Privilege entered by the Court on August 9, 2022.  ECF No. 41.  Some of those exhibits were filed as exhibits to our letter to the Court dated November 16, 2023 [ECF No. 63],



with the consent of the designating party. The following documents, or portions of them, were not filed publicly with that letter.

1. UMB has designated confidential or highly confidential Exhibits 12, 17, 19, 21, 22, 25, 26, 27, 28, and 29 to the Clarke Declaration.

2. Okapi has designated confidential or highly confidential Exhibits 13, 14, 15, and 20 to the Clarke Declaration.

3. Exhibits 2, 4, and 5 to the Clarke Declaration are excerpts from the depositions in this action of UMB, Pentwater, and Okapi, respectively. Those entities have designated the depositions confidential or highly confidential and are reviewing the excerpts to determine whether to continue to maintain their confidentiality designation under the stipulated protective order.

BMS agrees that certain of the exhibits, or portions of them, include information such as personal identifying information or sensitive non-public financial information that should not be filed publicly. BMS therefore would not object to a sealing order for the following documents or the identified portions of them:

    a. The attachments to Clarke Declaration Exhibit 17 are signature pages provided by various investors for the "Instrument of Removal, Appointment and Acceptance" that was delivered by UMB to BMS and Equiniti Trust Company ("Equiniti") on December 18, 2020. The Instrument itself, and the cover letter, previously have been filed publicly. [ECF No. 63-5]. BMS does not object to filing the attachments to the Instrument under seal.

    b. The attachments to Clarke Declaration Exhibits 21 and 22 include banking information and similar non-public financial information for various investors that were included in exhibits to a letter dated December 31, 2020 sent by UMB to BMS and Equiniti regarding the alleged change in trustee. The cover letter previously was filed publicly (without the covering email). [ECF No. 63-8]. BMS does not object to filing the attachments to the December 31, 2020 letter under seal.

    c. Clarke Declaration Exhibit 25 is an email dated September 7, 2021 from a representative of UMB to a representative of Equiniti attaching a list of registered Holders of CVRs as of December 31, 2020. The registered Holder list includes personal identifying information and non-public financial information for various individuals and entities. BMS does not object to filing Exhibit 25 under seal.

    d. Clarke Declaration Exhibit 26 is a copy of the Prepaid Forward Agreement dated February 23, 2021 among UMB and various other parties. UMB originally designated this document "Confidential – Attorneys Eyes Only," but later reduced the designation to Highly Confidential in response to our objection. BMS does not believe the agreement contains sensitive personal or business information that would warrant that confidentiality designation or require filing under seal. However, BMS has informed UMB



Hon. Jesse M. Furman
U.S. District Court, S.D.N.Y.
February 2, 2024
Page 3

that it would not object to filing the Prepaid Forward Agreement with limited redactions so that the specific amounts invested by each of the Initial Investors are not publicly disclosed.

BMS separately is filing on the public docket a redacted version of the memorandum of law in support of the motion to dismiss. The limited redactions temporarily shield from public view any quotation from the materials referred to above or descriptions that might reveal information that a designating party might consider confidential. We are submitting under seal an unredacted copy of the memorandum of law in which the proposed redactions have been highlighted.

Of Counsel:

Jessica A. Masella
Steven M. Rosato
Jessica P. Wright

Respectfully submitted,

DLA PIPER LLP (US)

/s/ John J. Clarke, Jr.

John J. Clarke, Jr

The motion to seal is granted temporarily. The Court will assess whether to keep the document at issue sealed or redacted when resolving the underlying dispute. The Clerk of Court is directed to terminate ECF No. 72.

SO ORDERED.

February 5, 2024