

**DLA Piper LLP (US)**
1251 Avenue of the Americas
New York, New York 10020-1104
**T** 212.335.4500
**F** 212.335.4501
**W** www.dlapiper.com


JOHN J. CLARKE JR.
john.clarke@us.dlapiper.com
**T** 212.335.4920


February 29, 2024

*By ECF*

Hon. Jesse M. Furman
United States District Court for the
 Southern District of New York
40 Foley Square
New York, New York 10007

> Re:   UMB Bank, N.A. v. Bristol-Myers Squibb Company, No. 21 Civ. 4897 (JMF)

Dear Judge Furman:

On behalf of defendant Bristol-Myers Squibb Company ("BMS"), I am writing in response to the most recent letter motion filed by plaintiff UMB Bank, N.A. ("UMB"), in which it seeks to compel production of one withheld and 20 redacted email communications between BMS and Equiniti Trust Company ("Equiniti") that the Court already determined are protected from disclosure under the common interest doctrine. *See* Memorandum Order dated Dec. 14, 2023 [ECF No. 67]. In addition to being filed on the last day of fact discovery, UMB's arguments in the motion are based on a misunderstanding of the narrow scope of the common interest doctrine asserted by BMS. There has been no waiver of any privilege, and the motion should be denied even putting aside the fact that UMB filed it too late.[1]

As discussed in connection with UMB's earlier letter motion concerning the same issue, all but one of the 21 documents at issue are iterations of a single email exchange between BMS and Equiniti lawyers on December 22, 2020 in which BMS redacted *two* out of a total of *fourteen* paragraphs. *See* Exhibit 1 (example, previously filed by UMB at ECF No. 65-1). The one document that was withheld entirely is an email between lawyers for BMS and for Equiniti sent on December 21, 2020, which was the first business day after UMB delivered its "Instrument of

---

[1] With respect to discovery disputes, section 2(C) of the Court's individual rules states: "Counsel should seek relief in accordance with these procedures in a timely fashion; if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks, let alone more time for discovery." In its letter motion, UMB does not provide any explanation why it waited *more than a month* after the Equiniti deposition held on January 22, 2024 before making its waiver argument. That unexplained delay, by itself, warrants denial of the motion.



Removal, Appointment and Acceptance" on December 18, 2020.  These documents, or excerpts, were withheld to protect against any claim of waiver of an applicable privilege, in accordance with the common interest doctrine.  *See Ambac Assur. Corp. v. Countrywide Home Loans, Inc.*, 27 N.Y.3d 616, 628 (2016).  The Court previously held that BMS "made a sufficient showing" that the entities shared a common legal interest in anticipated litigation with respect to the 21 communications at issue again here.  [ECF No. 67].

In its most recent letter motion about these documents, UMB mistakenly asserts that BMS waived any applicable privilege by allowing Equiniti's corporate representative, David Becker, to testify during his deposition on January 22, 2024 about communications between Equiniti and BMS with respect to the effort to remove Equiniti and appoint UMB as trustee.  The waiver argument is based on a faulty assumption – that BMS and Equiniti had ever claimed the common interest doctrine applied to all of their communications.  Neither entity has ever taken that position.  To the contrary, BMS and Equiniti both produced their written communications concerning the facts relating to the effort to replace the trustee, as opposed to shared legal advice or potential requests for legal advice concerning those facts.  *See*, *e.g.*, Exhibit 1 (example of email correspondence).

The deposition testimony that UMB cites for its waiver argument falls into the same category – discussion of the facts, not shared legal advice.[2]  Many of the deposition questions and answers UMB points to in its letter motion concern events that pre-dated UMB's delivery of the "Instrument" on December 18, 2020, at a time when the threat of litigation about the attempted change of trustee was not yet evident.  *See* Equiniti Dep. 46:22-49:18 (questions concerning email sent on December 3, 2020); *id.* at 178:10-183:18 (testimony about conversations with BMS in late November and early December 2020).  The only testimony UMB identifies from the period *after* UMB delivered its "Instrument" concerned "[h]ow we were going to go about making the change of trustee and getting it completed" and BMS's request for additional proof of CVR ownership.  Equiniti Dep. 90:20-91:11, 159:5-160:5.  But those same factual issues also were discussed in the documents produced in discovery, and not withheld on the basis of privilege, by both BMS and Equiniti.  *See*, *e.g.*, Exhibit 1.

UMB has not identified any deposition question that sought to elicit testimony about shared legal advice concerning the threat of litigation.  *See, e.g.*, *Verschoth v. Time Warner, Inc.*, 2001 WL 546630, at *5 (S.D.N.Y. May 22, 2001) (no subject matter waiver unless party "seeks to use a part of the [privileged] communication while withholding other portions").  One can only imagine the arguments that UMB would have made to this Court about the Equiniti deposition if BMS **had** objected to testimony about those facts on the basis of privilege, as UMB now argues BMS should have done.

Finally, during the Equiniti deposition BMS asked Mr. Becker questions to establish that BMS and Equiniti understood they had a common interest in potential litigation at the time of the

---

[2] Relevant excerpts from the Equiniti deposition, including both the snippets quoted by UMB and surrounding pages showing the context for them, are attached as Exhibit 2.



Hon. Jesse M. Furman
U.S. District Court, S.D.N.Y.
February 29, 2024
Page 3

events at issue.  As with the testimony discussed above, those deposition questions also did not place any privileged information at issue.  In that portion of his testimony, Mr. Becker recounted a telephone call with me and others during which we confirmed there was such a common interest between BMS and Equiniti.  Equiniti Dep. 95:2-23.  Mr. Becker's testimony did not disclose any communications over which BMS has claimed privilege, and BMS did not ask him to do so in its questioning.  Nothing in this testimony establishes a waiver of any privilege either.

*          *          *

As with UMB's prior motion, this motion to compel should not have been filed.  BMS correctly withheld or redacted the limited number of communications at issue because the common interest doctrine applies to them, as the Court already found.  Mr. Becker's testimony did not result in any waiver of privilege with respect to the withheld or redacted communications.  UMB's motion to compel should be denied.

Respectfully submitted,

Of Counsel:

DLA PIPER LLP (US)

Jessica A. Masella
Steven M. Rosato                    /s/ John J. Clarke, Jr.
Jessica P. Wright

John J. Clarke, Jr.


Attachments