UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
                                 :

UMB BANK, N.A., solely in its capacity     :
as Trustee under the Contingent Value      :
Rights Agreement by and between         :
Bristol-Myers Squibb Company and       :
Equiniti Trust Company, dated           :
November 20, 2019,                    :

                                   :     Case No. 1:21-cv-04897 (JMF)

                    Plaintiff,    :
                                   :
      v.                               :
                                   :
BRISTOL-MYERS SQUIBB COMPANY,    :
                                   :
                  Defendant.    :
                                   :
---------------------------------------- x

### STIPULATION AND [PROPOSED] ORDER REGARDING SCHEDULE FOR EXPERT DISCLOSURES AND DISCOVERY

Subject to the approval of the Court, pursuant to paragraph 9(g) of the Civil Case Management Plan and Scheduling Order, as amended (the "Case Management Order"), the parties stipulate and agree:

WHEREAS,

A.     Pursuant to a memorandum endorsement entered by the Court on April 12, 2024, the deadline for the parties to complete expert discovery is October 30, 2024 [ECF No. 114];

B.     The parties have conferred and agreed upon the follow proposed schedule and other procedures for expert disclosures, reports, and discovery to be completed by the expert discovery cutoff date.

THEREFORE, IT IS STIPULATED AND AGREED:

1.     <u>Initial Expert Disclosures.</u>  For any expert witness whom the parties intend to use at trial, except for an expert who is solely being offered as a rebuttal expert under paragraph 2, the disclosures required under Rule 26(a)(2) of the Federal Rules of Civil Procedure, together with expert reports or other disclosures required under the applicable rules, shall be served no later than <u>June 21, 2024</u> (each an "<u>Opening Expert Report</u>").  For the avoidance of doubt, a party's service of an Opening Expert Report in accordance with this stipulation shall not constitute an acknowledgment by that party that it bears the burden of production at trial on the issue(s) in support of which the Opening Expert Report is offered.

2.     <u>Rebuttal Expert Disclosures.</u>  For any expert witness who will be offered by a party solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), the disclosures required under Rule 26(a)(2), together with expert reports or other disclosures required under the applicable rules, shall be served no later than <u>August 23, 2024</u> (each a "<u>Rebuttal Expert Report</u>").  The scope of a party's Rebuttal Expert Report shall be limited to the same subject matter encompassed in the other party's Opening Expert Reports, in accordance with the rules applicable to rebuttal experts and the decisional law applying those rules.

3.     The parties agree that there shall be only Opening Expert Reports and Rebuttal Expert Reports.  Absent leave of Court for good cause shown, no expert witness shall be offered who has not been disclosed, and no expert reports shall be served or offered, except to the extent disclosed or served by a party in accordance with the preceding paragraphs.

4.     Expert reports shall include the information required under the applicable rules. *See* Fed. R. Civ. P. 26(a)(2)(B), (C); Fed. R. Evid. 702 - 705.

5.      The parties shall cooperate in providing copies to the other party upon its request of materials identified in expert reports that are not reasonably available to the receiving party through previous discovery, publicly available sources, or other means.  Information for which a fee must be paid to obtain access shall not be considered to be reasonably available for purposes of this provision.  If material has been made available through previous discovery, each Opening Expert Report and Rebuttal Expert Report shall identify such material by Bates number.

6.      The parties shall be permitted to take one deposition of each expert identified by the other party in its Rule 26(a)(2) disclosures.  No subpoena for deposition or documents need be served for expert depositions.  A party disclosing an expert shall make the expert available for a deposition at a time and place mutually agreeable to the parties and the witness.  All such depositions shall occur after the date for serving Rebuttal Expert Reports and shall be completed by the expert discovery cut-off date.  The limitation on the duration of such depositions provided in Rule 30(d)(1) shall apply.

7.      The parties shall endeavor to schedule and complete the depositions of any experts serving Opening Expert Reports before the depositions of experts serving Rebuttal Expert Reports.  However, the parties shall also endeavor to schedule depositions so that the time period for depositions of experts serving Rebuttal Expert Reports is equal to the period for depositions of experts serving Opening Expert Reports.

8.      The following categories of data, information, and documents need not be produced or otherwise disclosed by any party and are outside the scope of permissible discovery, unless such information or documents are being relied upon by such expert in connection with his or her opinions:  (i) any other documents or information disclosed to, reviewed by, or prepared by the expert but not included in, relied upon, or cited by the expert in the expert report; (ii) drafts of any

3

expert report, including any interim analyses or reports prepared by the expert; (iii) communications between a party's counsel and any expert witness, or any of the expert's assistants or clerical or support staff, regardless of the form of the communications; (iv) communications between any expert witness and any of the expert's assistants or clerical or support staff, regardless of the form of the communications; and (v) communications between any expert witness and any other expert witness or non-testifying expert consultants, regardless of the form of the communications.

9.      Nothing herein shall be deemed to authorize or permit discovery of facts known or opinions held by an expert who has been retained or specially employed by a party exclusively in anticipation of and in connection with litigation or preparation for trial or any hearing and whom the party has not disclosed as a testifying expert witness pursuant to this stipulation.

10.     A party may prepare and use demonstrative exhibits in connection with the testimony of such expert.  The parties will agree to a schedule for disclosing such demonstrative exhibits as part of the joint pretrial order in this action.

11.     This stipulation may be amended or modified by further written agreement or upon order of the Court for good cause shown.  This stipulation is without prejudice to the rights of any party to seek relief from any of its provisions, or to see or agree to different or additional protection for any particular material or information.

Dated:  May 1, 2024

SELENDY GAY PLLC


By:    */s/ Sean Baldwin*
       Sean Baldwin
       Philippe Selendy
       Maria Ginzburg
       Joshua Margolin

1290 Avenue of the Americas
New York, New York 10104
(212) 390-9000
pselendy@selendygay.com
mginzburg@selendygay.com
sbaldwin@selendygay.com
jmargolin@selendygay.com

Attorneys for Plaintiff
  UMB Bank, N.A., as Trustee


DLA PIPER LLP (US)


By:    */s/ John J. Clarke, Jr.*
       John J. Clarke, Jr.
       Jessica A. Masella
       Steven M. Rosato
       Jessica Park Wright

1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500
john.clarke@dlapiper.com
jessica.masella@dlapiper.com
steven.rosato@dlapiper.com
jessica.wright@dlapiper.com

Attorneys for Defendant
  Bristol-Myers Squibb Company

SO ORDERED:


_____
       U.S.D.J.