Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Maria Ginzburg
Managing Partner
212.390.9006
mginzburg@selendygay.com

May 14, 2024

**Via ECF**

Hon. Jesse M. Furman
Southern District of New York
40 Foley Square
New York, NY 10007

> Plaintiff filed on the public docket its proposed redactions to documents currently under temporary seal. The Court has restricted those filings to court-view only for the time being; all counsel are strongly cautioned to exercise more care in handling potentially sensitive filings. The Court reserves judgment on the merits of whether and to what extent the documents at issue should be unsealed pending resolution of the underlying motion. The Clerk of Court is directed to terminate ECF No. 136.
>
> SO ORDERED.
> [signature]
> May 15, 2024

Re:   UMB Bank, N.A. v. Bristol-Myers Squibb Company, No. 21 Civ. 4897 JMF

Dear Judge Furman,

Now that briefing on BMS's Motion to Dismiss (the "Motion") is complete, Plaintiff UMB Bank, N.A., solely in its capacity as Trustee ("UMB") under the Contingent Value Rights ("CVR") Agreement, writes to oppose BMS's request to seal until the adjudication of summary judgment motions documents and excerpts of deposition transcripts concerning the Liso-cel application process, which were submitted in connection with the Motion.[1] *See* ECF No. 107. These materials should be unsealed in their entirety following the Court's adjudication of the Motion because they are judicial documents entitled to a strong presumption of public access, which BMS has failed to overcome.[2]

Additionally, UMB requests, in accordance with Individual Rule 7.C.iii, that the Court unseal the documents produced by UMB and related depositions transcripts, that were submitted in connection with the Motion, except permit narrow redactions of personally identifying information of non-party CVR holders and their investment amounts in (i) Exhibits 12, 13, 14, 15, 17, 21, 25, 26, 27, 28, and 29 of the Declaration of John J. Clarke Jr. in Support of BMS's Motion ("Clarke Decl.") [ECF No. 75]; (ii) Exhibits 1 and 2 of the Declaration of Maria Ginzburg in Further Support of UMB's Opposition to BMS's Motion [ECF No. 117] ("Ginzburg Decl."); (iii) Exhibits 1 and 2 to the Declaration of Maria Ginzburg in Support of UMB's Supplemental Opposition to BMS's Motion [ECF No. 123] ("Supplemental Ginzburg Decl.") and (iv) allow the sealing of Exhibit 22 to the Clarke Declaration and Exhibit 4 to the Supplemental Ginzburg Declaration, which as a whole list the names of hundreds of non-party CVR holders participating in the Instrument of

---

[1] The materials BMS seeks to keep sealed are Exhibits 1-19 to the Declaration of Joshua S. Margolin in Support of UMB's Opposition to BMS's Motion to Dismiss [ECF No. 96].

[2] The Court's prior sealing orders held that it would address sealing in connection with the merits of the motion to dismiss. *See* ECF Nos. 78, 99, 108, 109, 119, 126, and 132.

Hon. Jesse M. Furman
May 13, 2024

Removal and Appointment, and the Prepaid Forward Agreement and their financial commitments to that funding agreement.[3]

## I. BMS Has Not Met Its Burden of Showing That Sealing Is Justified

In its letter motion [ECF No. 107], BMS seeks to seal nineteen exhibits submitted in connection with its Motion without justifying sealing under applicable Second Circuit precedent, identifying any harm that public access would cause, or explaining why redacting instead of sealing those documents would not suffice. This Court should reject BMS's request because it falls far short of meeting its substantial burden. There is a long-established presumption in favor of public access to judicial documents, and thus the party seeking sealing has the burden of overcoming this presumption to seal documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). It is "well-settled" that BMS's documents and transcript excerpts submitted "in connection with a motion to dismiss are [] judicial documents, … and are generally entitled to a strong presumption of public access." *Julian v. Metro. Life Ins. Co.*, 2020 WL 5913739, at *3 (S.D.N.Y. Oct. 6, 2020). "Because a Motion to Dismiss is potentially dispositive of a party's claims, a strong presumption of public access attaches to [BMS's] documents." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2023 WL 7126251, at *2 (S.D.N.Y. Oct. 30, 2023).

BMS's argument that the materials at issue are not relevant to its Motion is meritless. Whether the Court ultimately relies on these materials in connection with the Motion does not change the fact that they are judicial documents subject to the presumption of public access. BMS's arguments to the contrary are inconsistent with Second Circuit caselaw. *See Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) ("Insofar as the District Court held that these materials are not judicial documents because it did not rely on them in adjudicating a motion, this was legal error. … [T]he proper inquiry is whether the documents are relevant to the performance of the judicial function, not whether they were relied upon."). Moreover, BMS itself put the facts of the Liso-cel application at issue in the Motion by dedicating a section of its brief (at 5-6) to a narrative of the Liso-cel application, focusing on the purported impact of COVID-19 on Liso-cel's approval process. [ECF No. 76]. The materials submitted by UMB expressly counter that false narrative. BMS should not be permitted to publicly file its version of the fact narrative and then complain about UMB's countervailing facts as being not relevant.

BMS has no other viable basis to seal these documents. It offers only hypothetical and unspecified concerns that the documents at issue "***may*** involve confidential patient information, confidential regulatory communications and strategy, proprietary methods, and trade secrets, among other protected information, the disclosure of which ***could*** cause BMS competitive harm." ECF No. 107. at 3 (emphases added). This falls far short of the "particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated

---

[3] The parties have conferred. BMS objects to any public filing of its documents and excerpts of deposition transcripts prior to summary judgment. BMS also has not agreed to any redactions and sealing of CVR holder information after the adjudication of the Motion.

2

by specific examples or articulated reasoning fail to satisfy the test." *Alix v. McKinsey & Co., Inc.*, 2024 WL 1018450, at *1 (S.D.N.Y. Mar. 8, 2024) (Furman, J.). The fact that the materials concern events that took place more than three years ago further undermines BMS's claim of harm. "[T]he older the information is, the less appropriate it is to seal that information, particularly when the party does not explain with specificity why, despite the passage of time, the information should still be sealed." *Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, 2023 WL 2810660, at *1 (S.D.N.Y. Apr. 6, 2023). BMS makes no attempt to explain why disclosure of these materials would cause harm today.

Finally, even if BMS had raised a sufficiently particularized threat of harm (it has not), it makes no attempt to narrowly tailor its sealing request to mitigate such harm. *See Lugosch*, 435 F.3d at 120 (sealing is appropriate only where "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest"). Courts routinely refuse to seal documents in their entirety where the party seeking such relief does not explain why redacting portions of the documents would be insufficient to guard against potential harm. *See, e.g.*, *Loeb & Loeb LLP v. Hangzhou Chic Intelligent Tech. Co.*, 2024 WL 1700035, at *3 (S.D.N.Y. Apr. 19, 2024). UMB offered to review proposed redactions of the materials, but BMS refused. Because BMS has not met its burden, they should not remain sealed.

## II. UMB Moves To Redact Non-Parties' Personal Information

UMB further requests that the Court permit redactions of personally identifying information of non-party CVR holders and their investment amounts as well as the sealing of two such documents, which as a whole reflect such information. Pursuant to Rule 7.C.iii, filed simultaneously herewith, UMB submits proposed redacted copies of the relevant materials as Exhibits to the Declaration of Maria Ginzburg dated May 14, 2024. The proposed redactions and sealing are necessary to protect the identifying information of CVR holders, such as their names, contact information, and personal financial information. Although UMB represents the interests of the CVR holders in this litigation, the holders themselves are non-parties and their identities and financial positions are subject to privacy interests that overcome the presumption of public access. *See Suber v. VVP Servs., LLC*, 2023 WL 4817551, at *5 (S.D.N.Y. July 27, 2023) (granting motion to redact "third parties' personal and financial information … [b]ecause the privacy interests of third parties can justify maintaining documents under seal even where the presumption of public access attaches"); *SEC v. Ripple Labs, Inc.*, 2023 WL 3477552, at *7 (S.D.N.Y. May 16, 2023) ("[P]ersonal and financial information [of non-parties] implicates privacy interests that overcome the presumption of public access."). UMB's proposed sealing and redactions are narrowly tailored to protect only the personal and financial information of non-party CVR holders and thus meet the standard for sealing.

Respectfully submitted,

Maria Ginzburg

3