```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
UMB BANK, N.A.,                                                      :
                                                                     :
                              Plaintiff,                             :
                                                                     :           21-CV-4897 (JMF)
              -v-                                                    :
                                                                     :           SCHEDULING ORDER
BRISTOL-MYERS SQUIBB COMPANY,                                        :
                                                                     :
                              Defendant.                             :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

The parties shall appear for **in-person** oral arguments on the pending motion to dismiss UMB's Complaint, ECF No. 73, on **August 13, 2024**, at **10:00 a.m.**, in Courtroom 1105 of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York. The parties should be prepared to discuss, among other things, the following issues:

- Whether UMB was properly installed as successor Trustee under the terms of the CVR Agreement in light of the parties' agreement that DTC (which, through Cede & Co., was the registered Holder of more than 99% of the outstanding CVRs) did not execute the instrument purporting to remove Equiniti and install UMB as Trustee or provide an omnibus proxy. *See* ECF No. 76, at 17; ECF No. 95, at 10; ECF No. 105, at 1.

- Whether, assuming *arguendo* that UMB did not comply with the terms of the CVR Agreement in its efforts to be installed as successor Trustee, waiver, ratification, or other equitable doctrines are applicable to the circumstances here. Mindful that waiver and ratification are typically affirmative defenses that "may be pled in defense of claims for breach of contract and breach of trust," *Royal Park Investments SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2016 WL 4613390, at *15 (S.D.N.Y. Aug. 31, 2016), the parties should be prepared to address whether and how the doctrines might apply in the context of opposing a motion to dismiss for lack of subject-matter jurisdiction based on failure to adhere to the terms of a trust indenture.

- Whether, assuming *arguendo* that such doctrines as waiver or ratification could apply here, the elements of these defenses are met on the record of this case, mindful that "the criteria for application of affirmative defenses such as waiver and ratification are stringent." *Royal Park Investments SA/NV*, 2016 WL 4613390, at *15 (quoting *LNC Investments, Inc. v. First Fidelity Bank, N.A. New*

*Jersey*, 173 F.3d 454, 463 (2d Cir. 1999)); *see also id.* at *15-16 (outlining the standards for applying each defense). The parties should specifically be prepared to address *which party or parties* would need to have waived objections to or ratified the conduct in question in order for these defenses to apply, taking into consideration whose rights are safeguarded by the relevant provisions of the CVR Agreement.

- Whether, assuming *arguendo* that UMB was not properly installed as the successor Trustee under the CVR Agreement at the time it commenced this action, that deprived UMB of Article III standing to bring this suit and, if so, whether such a defect is curable. On that score, the parties should review and be prepared to address the implications, if any, of this Court's recent ruling in *Alix v. McKinsey*, No. 18-CV-4141 (JMF), 2024 WL 3293621 (S.D.N.Y. July 3, 2024). Additionally, the parties should be prepared to address whether, assuming *arguendo* that such a defect *is* curable as a matter of law, the proposed cure offered by UMB — namely, the post-filing "ratification" of UMB's appointment as successor Trustee, *see* ECF Nos. 116-118 — was proper and sufficient.

- Assuming *arguendo* the Court were to grant BMS's motion and dismiss this action for lack of standing, whether and how the claims alleged in this action — that is, claims on behalf of the CVR Holders — could be re-asserted in a new lawsuit. In particular, the parties should be prepared to discuss any applicable statute of limitations issues and/or any applicable tolling provisions or doctrines, as well as who the proper party to bring any such future action would be.

No later than a week before the scheduled hearing, the parties shall send a joint email to Chambers indicating which attorneys intend to present oral argument. If the scheduled date and time are not feasible for any party, they shall promptly — and no later than **July 25, 2024** — file a letter motion seeking rescheduling and indicating proposed alternate dates and times that work for all parties in the days surrounding the currently scheduled hearing.

SO ORDERED.

Dated: July 19, 2024
New York, New York

_____
JESSE M. FURMAN
United States District Judge