Selendy Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Selendy|Gay

Maria Ginzburg
Managing Partner
212.390.9006
mginzburg@selendygay.com

Oct 15, 2024

<u>Via ECF</u>

Hon. Jesse M. Furman
United States District Court for the
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *UMB Bank, N.A. v. Bristol-Myers Squibb Co.*, No. 21-cv-4897-JMF

Dear Judge Furman,

    We write on behalf of UMB Bank, N.A. ("<u>UMB</u>"), solely in its capacity as Trustee under the Contingent Value Rights Agreement. Pursuant to the Court's September 30, 2024 Opinion and Order ("<u>Order</u>"), ECF No. 167, UMB respectfully requests leave to file (as Exhibits 1-10 to this letter), redacted versions of Exhibits 2, 4, 12, 17, 21, 22, 25, 27, 28, and 29 to the Declaration of John J. Clarke, Jr., ECF No. 77. UMB has conferred with all relevant parties in this matter, including Bristol-Myers Squibb Company ("<u>BMS</u>"), and the parties have agreed upon the proposed redactions. UMB and all relevant parties have also reviewed Okapi's proposed redactions to Exhibits 5, 13, 14, 15, and 20 to the Declaration of John J. Clarke, Jr., ECF Nos. 77-5, 13, 14, 15, and 20, and agree that they appropriately protect the personally identifying information included therein; the parties have no further proposed redactions to these exhibits.

    The proposed redactions shield "personally identifying information of non-party CVR holders and their investment amounts" from public disclosure. Order at 28. As the Court recognized, such information may be redacted because it was "not relevant to the Court's resolution" of BMS's Motion to Dismiss, ECF No. 73, and because the "privacy interests of innocent third parties sufficiently outweigh any presumption of access afforded to these filings." Order at 28 (internal quotations and citations omitted).

Hon Jesse M. Furman
Oct 15, 2024

      Additionally, the Court recognized that the Prepaid Forward Agreement was not a "judicial document[] entitled to a presumption of public access," or, alternatively, was "entitled only to a minimal presumption that [was] sufficiently overcome." Order at 29 (internal quotations and citations omitted). The Prepaid Forward Agreement, therefore, could "remain in sealed or redacted form." *Id*. Consistent with the Court's Order, UMB respectfully requests that Exhibit 26 to the Declaration of John J. Clarke, Jr., the "Prepaid Forward Agreement," remain sealed.[1] ECF No. 77-26. To that effect, Plaintiff has prepared Exhibit 13 to this letter, which is a slipsheet indicating ECF No. 77-26 will remain under seal.

      Finally, UMB filed under seal on April 17, 2024, certain Reconfirmation Letters as Exhibits 1 and 2 to the Declaration of Maria Ginzburg, ECF No. 117. UMB later filed proposed redactions to these reconfirmation letters as Exhibits 12 and 13 to the Declaration of Maria Ginzburg filed May 14, 2024, ECF No. 137, which are currently on the docket under "court view only." To the extent the Court intends to remove the "court-view only" designation from these documents, UMB respectfully requests the Court's permission to correct and replace Exhibits 12 (ECF No. 137-12) and 13 (ECF No. 137-13) with more comprehensive redactions, consistent with the redacted exhibits to Docket 77 UMB is filing today, in order to fully protect the privacy interests of third parties. Specifically, UMB requests to replace ECF No. 137-12 with Exhibit 11 to this letter, and to replace 137-13 with Exhibit 12.

Respectfully submitted,

Maria Ginzburg
Managing Partner

---

[1] To the extent the Court intends to remove the "court-view only" designation from the documents filed as exhibits to the Declaration of Maria Ginzburg filed May 14, 2024, ECF No. 137, Plaintiff respectfully requests that the redacted copy of the Prepaid Forward Agreement labeled as Exhibit 8 to that Declaration also remain under seal.